# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRUSTEES OF THE OPERATING
ENGINEERS PENSION TRUST, *et al.*,

    Plaintiffs,

v.

RICHARD THORNTON, *et al.*,

    Defendants.

Case No. 2:10-CV-00502-KJD-PAL

**ORDER**

    Presently before the Court is Defendant Richard Thornton's Motion to Set Aside Clerk's Entry of Default (#15). Plaintiffs filed a response in opposition (#17). Also before the Court is Plaintiff's Motion for Default Judgment (#13). Defendant Richard Thornton ("Thornton") filed a response in opposition (#13) to which Defendant replied (#18).

I.  Background and Procedural History

    Plaintiffs filed the present action on April 9, 2010. Defendant Richard Thornton was personally served with the summons and complaint on or about April 16, 2010. On April 16, 2010, a Voluntary Petition under Bankruptcy Code Chapter 7 was filed for Defendant Thornton Concrete Pumping, Inc. Defendant Thornton's answer was due May 4, 2010. Plaintiffs' counsel did not

inform Richard Thornton's counsel that they were moving for entry of default or inquire about Thornton's intention to proceed.

On May 7, 2010, the Clerk of the Court entered default against Richard Thornton. On May 11, 2010, Thornton filed his answer. On July 20, 2010, Plaintiffs filed their motion for default judgment. On July 28, 2010, Thornton filed the present motion to set aside entry of default.

II. Analysis

Pursuant to Federal Rules of Civil Procedure 55(c), a court may set aside entry of default "for good cause shown." The "good cause" standard is the same standard that governs vacating a default judgment under Rule 60(b). See Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). The law favors deciding a case on its merits. See id. Thus, a default judgment is appropriate only in extreme circumstances. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

The Court considers three factors in analyzing good cause: (1) whether the defaulting party engaged in culpable conduct leading to the default; (2) whether the defaulting party has a meritorious defense; and (3) whether vacating the entry of default would prejudice the plaintiff. See Franchise Holding, 375 F.3d at 926. The court has discretion to deny the motion to set aside default if any one of the three factors favor plaintiff. See id. For the reasons stated *infra*, the Court finds that Defendant has shown good cause to vacate the entry of default.

A. Culpable Conduct

When examining culpable conduct, the court concurrently examines any excusable neglect of the defaulting party. See id. at 927. Defendant's conduct is culpable if it "received actual or constructive notice of the filing of the action and failed to answer" or otherwise defend. Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 690 (9th Cir. 1988). A defendant's failure to answer, however, may be excused depending on the reason for the delay if defendant acted in good faith. See TCI Group, 244 F.3d at 696. Further, conduct is culpable only where the explanation of the default is consistent with a devious, deliberate, willful or bad faith

failure to respond.  See Employee Painter's Trust v. Ethan Enters., 480 F.3d 993, 1000 (9th Cir. 2007).

 Here, Plaintiffs have not argued that Richard Thornton's counsel was notified that they would be seeking entry of default as required by Nevada Rule of Professional Conduct 3.5A.  See Cen Val Leasing Corp. v. Bockman, 668 P.2d 1074 (Nev. 1983)(failure to inquire of opposing counsel about intention to proceed before seeking default is grounds for setting aside default).  Defendant Thornton has met his burden in establishing that he acted in good faith.  Once Defendant's counsel became aware that  default had been entered, he filed his answer within one week.  The present motion was filed when it became clear that no agreement resolving the entry of default could be reached and that Plaintiffs would seek a default judgment.  Therefore, the Court finds that Defendant's counsel was acting in good faith, and his conduct was not culpable.  Accordingly, this factor weighs in favor of setting aside the entry of default.

 B.  Meritorious Defense

 To succeed on a motion to set aside a default, the defendant must set forth specific facts that constitute a defense.  See Franchise Holding, 375 F.3d at 926.  Further, mere general denial, without facts to support it, is not sufficient.  See id.  Here, Defendant has set forth specific facts that constitute a meritorious defense.  Specifically, the Defendant denies that he is an alter ego of Thornton Concrete Pumping.  Accordingly, this factor weighs in favor of setting aside default.

 C.  Prejudice

 Plaintiffs argues that they will be prejudiced if default is set aside.  However, the rules favor the resolution of cases on their merits.  See TCI Group, 244 F.3d at 695-696.  Here, Plaintiffs have made no showing that setting aside the entry of default will prejudice them.  Specifically, recourse against Thornton personally will not be thwarted merely because the case will be litigated on the merits.  Plaintiffs will have adequate opportunity to prove that Thornton is liable under any of the theories they press.  Having to litigate the case on the merits rather than benefitting from entry of a

default judgment is not prejudice adequate to deny Defendant's motion. Accordingly, this factor weighs in favor of setting aside the default.

III.  Conclusion

Defendant Richard Thornton's Motion to Set Aside Clerk's Entry of Default (#15) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court **VACATE** Entry of Default as to Defendant Richard Thornton (#8);

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (#13) is **DENIED**.

DATED this 17th day of December 2010.

_____
Kent J. Dawson
United States District Judge