1  **LAQUER, URBAN, CLIFFORD & HODGE LLP**
   MICHAEL A. URBAN, Nevada State Bar No. 3875
2  EMILY Z. MANNINGER, Nevada State Bar No. 11196
   4270 S. Decatur Blvd., Suite A-9
3  Las Vegas, Nevada 89103
   Telephone: (702) 968-8087
4  Facsimile: (702) 968-8088
   Electronic Mail: urban@luch.com
5  *Counsel for Plaintiffs*

6

   **UNITED STATES DISTRICT COURT**
7
   **DISTRICT OF NEVADA**
8

9  | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al, | Case No.: 2:10-cv-502-JCM-PAL |
   | | Consolidated with 2:10-cv-1242-KJD-PAL |
10 |         Plaintiffs, | |
11 | vs. | |
12 | THORNTON CONCRETE PUMPING, INC., a Nevada corporation; and RICHARD THORNTON, individually, | |
13 | | |
14 |         Defendants. | |
15 | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, et al., | **ORDER RE CROSS MOTIONS FOR SUMMARY JUDGMENT** |
16 | | |
17 |         Plaintiffs, | |
18 | vs. | |
19 | ALLIE, LLC, a Nevada limited liability company, d/b/a ALL CITIES CONCRETE COMPANY, et al., | |
20 | | |
21 |         Defendants. | |

22         The above entitled case came on regularly for hearing on Plaintiffs' motion for summary

23 judgment against defendant JPM Construction, LLC (hereinafter "JPM") and JPM's cross motion for

24 summary judgment against plaintiffs before the Honorable James C. Mahan, United States District

25 Judge, presiding. Michael A. Urban, of Laquer, Urban, Clifford & Hodge, LLP, appeared as counsel for

26 plaintiffs and moving parties, Trustees of the Operating Engineers Pension Trust, et al. Shawn L. Morris

27 of Woodbury, Morris & Brown, appeared on behalf of the defendant and cross-moving party, JPM.

28 Based upon the cross-motions, declarations and pleadings on file in this action, and there being no

1

1  material issue of fact in dispute, the Court grants the plaintiffs' motion for summary judgment and

2  denies the JPM motion for summary judgment and makes the following findings of fact and conclusions

3  of law:

4  **Finding of Fact**

5      1.    The plaintiffs are the Trustees of the Operating Engineers Pension Trust, Trustees of the

6  Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday

7  Savings Trust and Trustees of the Journeyman and Apprentice Training Trust (hereinafter "Trusts").

8      2.    The Trusts are express trusts established pursuant to written declarations and agreements

9  of trust between the International Union of Operating Engineers, Local Union No. 12 (hereinafter "Local

10  12"), and various multi-employer associations in the construction industry in Southern California and

11  Southern Nevada.

12      3.    Defendant Thornton Concrete Pumping, Inc. (hereinafter "Thornton") was a Nevada

13  corporation and an employer engaged in interstate commerce within the meaning of Section 301(a) of

14  the Labor Management Relations Act.

15      4.    Local 12 is a labor organization representing employees in an industry affecting interstate

16  commerce.

17      5.    Thornton was a signatory to a collective bargaining agreement (the "master labor

18  agreement") with Local 12.  By the terms of the master labor agreement, Thornton was obligated to pay

19  fringe benefit contributions to the Trusts for every hour worked by or paid to any employee who

20  performed work covered by the master labor agreement.

21      6.    Thornton failed to pay required fringe contributions, resulting in damages to the Trusts in

22  the amount of $245,924.45 in unpaid contributions, liquidated damages in the amount of $51,587.10,

23  and interest in the amount of $40,857.50, for a total amount of damages to the Trusts in the amount of

24  $338,369.05.  This amount did not include all of the attorneys' fees and costs, and daily accruing post-

25  judgment interest due by Thornton.

26      7.    In an effort to procure the payment of Thornton's delinquent fringe benefit contributions,

27  together with the liquidated damages and interest, the Trustees of the Trusts commenced two actions

28

against Thornton in United States District Court: Case Nos. 2:09-cv-1162-JCM-PAL (the "first delinquency") and the current case, 2:10-cv-502-JCM-PAL (the "second delinquency").

8.    The Trusts obtained default judgment against Thornton in the first delinquency matter on February 2, 2010, in the amount of $225,538.41 and proceeded to execute on such Judgment.

9.    In executing on the Judgment in the first delinquency, the Trusts were able to receive a total of $46,491.04 in payments from Thornton through involuntary writs of garnishment on two of Thornton's bank accounts.

10.    During post judgment discovery after obtaining judgment in the first delinquency action, the Trusts conducted the judgment debtor examination of Richard Thornton on or about March 23, 2010.

11.    Documents and invoices provided by Thornton at the judgment debtor examination revealed that Thornton was a subcontractor for JPM and performed more than 207 hours of covered work for JPM at various times from April of 2009, to March of 2010, on the following jobs:

a) April 6, 2009 – April 27, 2009: North Las Vegas Airport
b) May 20, 2009: North Las Vegas Justice Center
c) August 31, 2009: Justice Court (Pahrump)
d) May 28, 2009: Cambridge and Desert Inn Fire Station
e) June 2, 2009 – June 29, 2009: Fire Stations
f) July 22, 2009: El Bonita Shopping Center
g) July 23, 2009: Sheriff's Office (Pahrump)
h) August 7, 2009 – August 18, 2009: Adams Elementary School
i) October 16, 2009 – December 22, 2009: "Pahrump"
j) November 9, 2009: "Reno & Spencer"
k) February 15, 2010 – March 31, 2010: Palo Verde High School

12.    For its work on each of these projects, Thornton was responsible to report and pay fringe benefit contributions to the Trusts, pursuant to the master labor agreement due to its status as a signatory to such master labor agreement. 29 U.S.C. § 1145.  Thornton failed to pay the Trusts the required fringe benefit contributions for the hours of covered work on the projects it worked on for JPM.  The amounts due to the Trusts by Thornton for the projects it worked on for JPM are apportionable as follows:

| Project | Dates | Hours | Rate | Contributions | Liquidated Damages | Interest due [1] | Total amount due |
|---|---|---|---|---|---|---|---|
| NLV Airport | 4/6/09-4/27/09 | 20.25 | $16.67 | $337.57 | $33.76 | $24.94 | $396.27 |
| N. LV Justice Center | 5/20/2009 | 6 | $16.67 | $100.02 | $10.00 | $7.05 | $117.07 |
| Pahrump Justice Center | 8/31/2009 | 8 | $17.42 | $139.36 | $13.94 | $8.39 | $161.69 |
| Cambridge & DI | 5/28/2009 | 5 | $16.67 | $83.35 | $8.34 | $5.87 | $97.56 |
| Fire Stations | 6/2/2009 | 8.25 | $16.67 | $137.53 | $13.75 | $9.23 | $160.51 |

[1] The amount of interest due is current as of March 17, 2011.  Interest continues to accrue at a combined daily rate of $0.42 *per diem*.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| El Bonita | 7/22/2009 | 8.5 | $17.42 | $148.07 | $14.81 | $9.43 | $172.31 |
| Sheriff's Office | 7/23/2009 | 8.75 | $17.42 | $152.43 | $15.24 | $9.70 | $177.37 |
| Adams Elementary | 8/7/09-8/18/09 | 64 | $17.42 | $1,114.88 | $111.49 | $67.14 | $1,293.51 |
| Pahrump | 10/16/09-12/22/09 | 19 | $17.42 | $330.98 | $33.10 | $17.69 | $381.77 |
| Reno & Spencer | 11/9/2009 | 9 | $17.42 | $156.78 | $15.68 | $7.86 | $180.32 |
| Palo Verde H.S. | 2/15/10-3/31/10 | 51 | $17.42 | $888.42 | $88.84 | $33.35 | $1,010.61 |
| | | **207.75** | | **$3,589.39** | **$358.94** | **$200.65** | **$4,148.98** |

13.   The information provided by Thornton at the debtor examination established potential claims by the Trusts against several contractors who used the services of Thornton pursuant to NRS 608.150.

14.   Prior to commencing litigation against Thornton's contractors (including JPM) pursuant to NRS 608.150, counsel for the Trusts attempted to obtain JPM's voluntary payment of delinquent fringe benefit contributions attributable to Thornton's work for JPM.  Accordingly, the Trusts' counsel sent no fewer than three (3) pre-litigation letters to JPM.

15.   In these letters, the Trusts identified the basis and grounds for liability under NRS 608.150 and invited JPM to respond and discuss the payment of amounts due pursuant to that statute. JPM never responded to any of these letters.

16.   In the final June 21, 2010, letter, JPM was informed that continued failure to respond would result in JPM being included in the instant litigation and that the Trusts would also seek attorneys' fees and costs.

17.   The Trusts commenced their lawsuit against the contractors, including JPM, on July 23, 2010, by filing their complaint (#1) in United States District Court Case No. 2:10-cv-1242-KJD-PAL (the "contractor action").  The Trusts asserted claims against each of Thornton's contractors, including JPM, for statutory damages pursuant to NRS 608.150.

18.   JPM did not immediately file an answer to the Trusts' complaint, but instead filed its motion to dismiss (contractor action dkt. #25) on August 25, 2010.

19.   The Trusts opposed JPM's motion to dismiss on September 8, 2010 (contractor action dkt. #31).  On December 17, 2010, this Court entered its order denying JPM's motion to dismiss (contractor action dkt. #53).

20. The Court also ordered that the second delinquency action and the contractor action be consolidated as 2:10-cv-502-KJD-PAL (the "action") (dkt. #20).

21. JPM filed and served its answer (#22) to the Trusts' complaint on January 18, 2011.

22. As of the consolidation of these actions and the denial of JPM's motion to dismiss, JPM was the last remaining active Defendant in the contractor action, all other parties having either settled, in bankruptcy or having been defaulted with default judgment entered against them.

23. The Trusts have incurred a substantial amount of attorneys' fees and costs in prosecuting this action against JPM after the dismissal or default judgment of all other defendants in the contractor action.

Attorneys' fees and costs attributable to prosecuting the Trusts' action against JPM currently amount to $15,769.38 in attorneys' fees and $520.61 in costs.

24. As a part of this action, the Trusts have had to respond to JPM's motion to dismiss and motion for summary judgment as well as discovery requests by JPM.

Based upon the above-undisputed facts, the following legal conclusions are made:

**Conclusions of Law**

1. The Court has jurisdiction over this action under Section 301(a) of the Labor Management Relations Act, as amended, and Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. §§185(a) and 1132(e), respectively).

2. Defendant Thornton has been, and is, bound to a collective bargaining agreement with Local 12 ("master labor agreement"), between Local 12 and the Nevada Contractors Association, and the Trust Agreements establishing the Operating Engineers Pension Trust, Operating Engineers Health and Welfare Fund, Operating Engineers Vacation-Holiday Savings Trust Fund and Operating Engineers Journeyman Apprentice Training Trust (hereinafter "Trusts"). By the terms of the master labor agreement, Thornton was obligated to pay fringe benefit contributions to the Trusts for every hour worked by or paid to any employee who performed work covered by the master labor agreement.

3. Thornton has failed to pay fringe benefit contributions to the Trusts as required by the collective bargaining agreement and 29 U.S.C. § 1145.

4.    Documents and invoices provided by Thornton at a judgment debtor examination revealed that Thornton was a subcontractor for JPM and performed more than 207 hours of covered work for JPM at various times from April of 2009 to March of 2010, on the following jobs:

a)  April 6, 2009 – April 27, 2009: North Las Vegas Airport
b)  May 20, 2009: North Las Vegas Justice Center
c)  August 31, 2009: Justice Court (Pahrump)
d)  May 28, 2009: Cambridge and Desert Inn Fire Station
e)  June 2, 2009 – June 29, 2009: Fire Stations
f)  July 22, 2009: El Bonita Shopping Center
g)  July 23, 2009: Sheriff's Office (Pahrump)
h)  August 7, 2009 – August 18, 2009: Adams Elementary School
i)  October 16, 2009 – December 22, 2009:  "Pahrump"
j)  November 9, 2009: "Reno & Spencer"
k)  February 15, 2010 – March 31, 2010: Palo Verde High School

5.    For its work on each of these projects, Thornton was responsible to report and pay fringe benefit contributions to the Trusts, pursuant to the master labor agreement due to its status as a signatory to such master labor agreement. 29 U.S.C. § 1145.  Thornton failed to pay the Trusts the required fringe benefit contributions for the hours of covered work on the projects it worked on for JPM.  The amounts due to the Trusts by Thornton for the projects it worked on for JPM are apportionable as follows:

| Project | Dates | Hours | Rate | Contributions | Liquidated Damages | Interest due | Total amount due |
|---|---|---|---|---|---|---|---|
| NLV Airport | 4/6/09-4/27/09 | 20.25 | $16.67 | $337.57 | $33.76 | $24.94 | $396.27 |
| N. LV Justice Center | 5/20/2009 | 6 | $16.67 | $100.02 | $10.00 | $7.05 | $117.07 |
| Pahrump Justice Center | 8/31/2009 | 8 | $17.42 | $139.36 | $13.94 | $8.39 | $161.69 |
| Cambridge & DI | 5/28/2009 | 5 | $16.67 | $83.35 | $8.34 | $5.87 | $97.56 |
| Fire Stations | 6/2/2009 | 8.25 | $16.67 | $137.53 | $13.75 | $9.23 | $160.51 |
| El Bonita | 7/22/2009 | 8.5 | $17.42 | $148.07 | $14.81 | $9.43 | $172.31 |
| Sheriff's Office | 7/23/2009 | 8.75 | $17.42 | $152.43 | $15.24 | $9.70 | $177.37 |
| Adams Elementary | 8/7/09-8/18/09 | 64 | $17.42 | $1,114.88 | $111.49 | $67.14 | $1,293.51 |
| Pahrump | 10/16/09-12/22/09 | 19 | $17.42 | $330.98 | $33.10 | $17.69 | $381.77 |
| Reno & Spencer | 11/9/2009 | 9 | $17.42 | $156.78 | $15.68 | $7.86 | $180.32 |
| Palo Verde H.S. | 2/15/10-3/31/10 | 51 | $17.42 | $888.42 | $88.84 | $33.35 | $1,010.61 |
|  |  | **207.75** |  | **$3,589.39** | **$358.94** | **$200.65** | **$4,148.98** |

6.    NRS 608.150 provides, in part,

Every original contractor making or taking any contract in this State for the erection, construction, alteration or repair of any building or structure, or other work, shall assume and is liable for the indebtedness for labor incurred by any subcontractor or any contractors action under, by or for the original contractor in performing any labor, construction or other work included in the subject of the original contract, for labor, and for the requirements imposed by chapters 616A to 617, inclusive, of NRS.

NRS 608.150(a).   This statute clearly provides that a contractor who hires a subcontractor that is obligated or delinquent in some respect as to certain "indebtedness" is liable for such indebtedness, *including delinquent fringe benefit payments*.  *See* <u>Tobler and Oliver Const. Co. v. Board of Trustees of the Health and Ins. Fund for Carpenters Local Union No. 971</u>, 84 Nev. 438, 442, 442 P.2d 904, 906 (1968).

7.    The provisions of NRS 608.150 encompass the facts in this case.   JPM directly subcontracted work to Thornton for which fringe benefit contributions were not paid to the Trusts.  JPM has argued that it is not an "original contractor" under the terms of NRS 608.150 and therefore should have no liability for the amounts due by Thornton.  The Court finds that the language of NRS 608.150 is clearly broad enough to encompass subcontractors like JPM who subcontract work to an employer who fails to pay fringe benefit contributions to the Trusts.  To hold otherwise would make the provisions of NRS 608.150 meaningless and eliminate the legislature's intent to protect workers in passing NRS 608.150.  <u>See</u> <u>U.S. Design & Const. Corp. v. Int'l Bhd. of Elec. Workers, Local 357</u>, 118 Nev. 458, 462, 50 P.3d 170, 72 (2002).  *See also,* <u>Hartford Fire Ins. Co. v. Trustees of the Const. Indus. and Laborers Health and Welfare Trust</u>, 125 Nev. Adv. Rep. 16, 208 P.3d 884 (2009)(holding, *inter alia*, that trustees of employee trust funds need not give any notice of claims before recovering from contractor).  The Court has reviewed and considered the unpublished decision in <u>Wood v. Valentine Surfacing</u>, 320 F. App'x 542 (9th Cir. 2009), cited by counsel for JPM and finds it not to be controlling this case. <u>See also,</u> <u>Artiaga v.Hutchins Drywall, Inc.</u>, 2007 U.S. Dist. LEXIS 55554 (D. Nev. 2007).

8.    As a result of the subcontracting of work by JPM to Thornton and Thornton's failure to pay the Trusts fringe benefit contributions for such work, JPM is liable to the Trusts, pursuant to NRS 608.150:

| Project | Dates | Hours | Rate | Contributions | Liquidated Damages | Interest due [2] | Total amount due |
|---|---|---|---|---|---|---|---|
| NLV Airport | 4/6/09-4/27/09 | 20.25 | $16.67 | $337.57 | $33.76 | $24.94 | $396.27 |
| N. LV Justice Center | 5/20/2009 | 6 | $16.67 | $100.02 | $10.00 | $7.05 | $117.07 |
| Pahrump Justice Center | 8/31/2009 | 8 | $17.42 | $139.36 | $13.94 | $8.39 | $161.69 |
| Cambridge & DI | 5/28/2009 | 5 | $16.67 | $83.35 | $8.34 | $5.87 | $97.56 |
| Fire Stations | 6/2/2009 | 8.25 | $16.67 | $137.53 | $13.75 | $9.23 | $160.51 |
| El Bonita | 7/22/2009 | 8.5 | $17.42 | $148.07 | $14.81 | $9.43 | $172.31 |
| Sheriff's Office | 7/23/2009 | 8.75 | $17.42 | $152.43 | $15.24 | $9.70 | $177.37 |

---

[2] The amount of interest due is current as of March 17, 2011.  Interest continues to accrue at a combined daily rate of $0.42 *per diem*.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Adams Elementary | 8/7/09-8/18/09 | 64 | $17.42 | $1,114.88 | $111.49 | $67.14 | $1,293.51 |
| Pahrump | 10/16/09-12/22/09 | 19 | $17.42 | $330.98 | $33.10 | $17.69 | $381.77 |
| Reno & Spencer | 11/9/2009 | 9 | $17.42 | $156.78 | $15.68 | $7.86 | $180.32 |
| Palo Verde H.S. | 2/15/10-3/31/10 | 51 | $17.42 | $888.42 | $88.84 | $33.35 | $1,010.61 |
| | | 207.75 | | $3,589.39 | $358.94 | $200.65 | $4,148.98 |

See U.S. Design Const. Corp. v. Int'l Bhd. of Elec. Workers, Local 357, supra, and Tobler and Oliver Const. Co. v. Board of Trustees of the Health and Ins. Fund for Carpenters Local Union No. 971, supra.

9.    In addition to the amounts due by Thornton, JPM is obligated to pay the Trusts their attorney's fees of $15,769.38 and costs of $520.61. See NRS Section 18.010 and U.S. Design Const. Corp. v. Int'l Bhd. of Elec. Workers, Local 357, supra.

10.   All of defendant's affirmative defenses are without merit.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED this 25th day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

**LAQUER, URBAN, CLIFFORD & HODGE LLP**

By: _____
MICHAEL A. URBAN, ESQ.
EMILY Z. MANNINGER, ESQ.
*Attorneys for Plaintiffs*

8

1                                        **CERTIFICATE OF SERVICE**

2         I certify that on the 18 day of July, 2011, I served a copy of the foregoing **ORDER RE CROSS**

3 **MOTION FOR SUMMARY JUDGMENT** through the CM/ECF electronic filing system of the

4 United States District Court for the District of Nevada or, if necessary, via United States mail, first class

5 postage prepaid, to:

6      Shawn L. Morris, Esq.
     Woodbury, Morris & Brown

7      701 N. Green Valley Pkwy., #110
     Henderson, NV 89074

8      *Attorney for JPM Construction, LLC*

9      Timothy P. Thomas, Esq.
     8670 W. Cheyenne Ave., #120

10      Las Vegas, NV 89129

11

12                                             An Employee for Laquer, Urban, Clifford & Hodge LLP

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28